**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

**In Re:**                                                                                          **Case No.** _____

Monica, Timothy Irving

Monica, Kathy Sue

**Debtor(s).**

**CHAPTER 13 PLAN**

☑ Original    ☐ Amended

Date: _____05/06/2022_____

IF THIS IS AN AMENDED PLAN, the reason for filing the Amended Plan is

### Part 1:  Notices

**To Creditors:**   Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose your plan's treatment of your claim or any provision of this plan, you **MUST** file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. *See* Federal Rule of Bankruptcy Procedure ("Fed. R. Bankr. P.") 3015.

**Under 11 U.S.C. § 1325(b)(1)(B), if an unsecured creditor objects to this plan, the Bankruptcy Court may not approve this plan unless the plan provides that all of the Debtor's$_1$ projected disposable income will be applied to make payments to unsecured creditors under the plan. Absent an objection, distribution of payments under this plan will be made pursuant to the order of distribution set forth in Section 2.6 below. This distribution scheme may result in the secured and priority claims being paid prior to your unsecured claim. To avoid this result, you MUST file an objection.**

**The following matters may be of particular importance.** Debtor must check one box on each line to state whether or not the plan includes any of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of secured claim, set out in Sections 3.2 and/or 3.3, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not Included |
| 1.4 | Assumes and/or Rejects Unexpired Leases and Executory Contracts, set out in Part 6 | ☐ Included | ☑ Not Included |

**Debtor is eligible for a discharge pursuant to 11 U.S.C. § 1328(f).** *Check One.*

☑ **Yes.**

---

[1] In a joint case, any reference to "Debtor" shall mean "Debtors."

☐ **No.** If this box is checked, the Debtor acknowledges that he/she is NOT eligible for a discharge because the Debtor received a discharge in a prior *(check one)*

   ☐ Chapter 7, 11 or 12 case filed within four years of the date of the filing of the petition in this case; or

   ☐ Chapter 13 case filed within two years of the date of the filing of the petition in this case.

**To Domestic Support Obligation Claimants:** The Debtor will make payments for postpetition domestic support obligations, as that term is defined under 11 U.S.C. § 101(14A), commencing on the date of filing and continuing during the term of the plan. Pre-petition domestic support obligation arrears, if any, are addressed in Part 4. Below are the names of each individual entitled to receive domestic support obligation payments and the amount of such payments:

☑ **None.**

| Part 2: | Plan Payments, Length of Plan and Order of Distribution |

**2.1** **Debtor will make regular payments to the chapter 13 trustee ("Trustee") as follows:**

   $250.00 per month for 59 months;

   $300,000.00 per month for 1 months;

**2.2** **Regular payments to the Trustee will be made from future income in the following manner:** *Check all that apply.*

   ☐ Debtor will make payments pursuant to a payroll deduction order.

   ☑ Debtor will make payments directly to the Trustee.

   ☐ Other (specify method of payment): _____

**2.3** **Income tax returns and refunds.**

   **Debtor will provide the Trustee (1) with a copy of each income tax return filed during the plan term within 14 days of filing the return, and (2) will turn over to the Trustee all income tax refunds in excess of $1,500.00 received during the plan term. Debtor understands that failure to file tax returns during the term of the plan may constitute grounds for the dismissal or conversion of the case.**

   The trustee may allow the debtor to retain tax refunds in excess of $1,500 annually, based upon demonstrated reasonable and necessary expenses of the debtor or the debtor's dependents each year, without further notice or hearing. The Trustee's determination may reduce the total dollar amount paid to creditors holding unsecured claims but shall not reduce the required minimum amounts set forth in paragraph 5.1 of the plan. *To contest this procedure, you must object to confirmation of this plan.*

**2.4** **Additional payments.** *Check one.*

   ☑ **None.**

   ☐ Debtor will make additional payment(s) to the Trustee from other sources, as specified below. Describe the source, anticipated amount, and date of each anticipated payment:

**2.5** **The total amount of estimated payments to the Trustee provided for in Sections 2.1, 2.3 and 2.4 is** $314,750.00 .

**2.6** **Order of Distribution of Plan Payments by the Trustee.** Subject to any alternate provision in Part 8, funds received by the Trustee for distribution to creditors under the plan, absent objection, shall be applied, after payment of applicable Trustee's fees, in the following order of distribution:

**First:** To pay any and all equal monthly payments required on allowed secured claims under Sections 3.2 and 3.3 and nonpriority unsecured claims under Section 5.2.
**Second:** To pay allowed administrative expenses, including attorney's fees under Section 4.3, *pro rata*, until paid in full.
**Third:** To pay allowed secured claims *pro rata* until paid in full under Section 3.1, 3.4 and 3.6.
**Fourth:** To pay allowed priority claims *pro rata* until paid in full under Sections 4.4 and 4.5.

**Fifth:** To pay allowed unsecured claims *pro rata* under Part 5.

However, in the event the Debtor will make ongoing mortgage or lease installment payments through the plan under Section 3.1 or 6.1, those payments shall be made prior to payment to any other creditor and after payment of applicable Trustee's fees.

## Part 3: Treatment of Secured Claims

**3.1  Maintenance of payments and cure of default, if any, for claims secured by real or personal property.** *Check one.*

☑ **None.**

**3.2  Request for valuation of security, payment of fully secured claims and modification of undersecured claims.** *Check one.*

☑ **None.**

**3.3  Secured claims excluded from 11 U.S.C. § 506.** *Check one.*

☑ **None.**

**3.4  Lien avoidance.** *Check one.*

☑ **None.**

**3.5  Surrender of collateral.** *Check one.*

☑ **None.**

**3.6  Secured claims to be paid in full.** *Check one.*

☑ **None.**

## Part 4: Treatment of Fees and Priority Claims

**4.1  General**

Trustee's fees and all allowed priority claims under § 507, including domestic support obligations other than those treated in Section 4.5, will be paid in full based upon a creditor's timely filed proof of claim.

**4.2  Trustee's fees**

Trustee's fees are governed by statue and may change during the course of the case but will be no more than 10% of plan payments.

**4.3  Attorney's fee for services rendered in connection with this bankruptcy case.**

Debtor's attorney shall be paid __$5,000.00__, of which __$1,687.00__ was paid pre-petition and __$3,313.00__ shall be paid as an allowed administrative claim as part of the plan.

**4.4  Priority claims other than attorney's fees and those treated in Section 4.5.** *Check one.*

☐ None.

☑ The creditors listed below hold priority claims other than attorney's fees and those treated in Section 4.5

| Name of creditor | Amount of claim | Basis for priority treatment |
|---|---|---|
| Town Of Greenfield Tax Collector | $1,445.15 | Taxes or Penalties Owed to Governmental Units |
| Saratoga Springs City School District | $2,788.99 | Taxes or Penalties Owed to Governmental Units |

**4.5  Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.** *Check one.*

☑ **None.**

**Part 5:** Treatment of Nonpriority Unsecured Claims

**5.1  Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. The minimum amount to be paid to allowed nonpriority unsecured creditors under the plan shall be the greater of:

| | |
|---|---|
| Liquidation: | $0.00 |
| Disposable Income (Line 45 x 60 months): | $0.00 |
| Percentage Repayment: | 100.00% |

**5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☐ **None.**

☑ The Debtor will maintain the current contractual installment payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the Trustee or directly by the Debtor, as specified below. Any existing arrearage amount will be paid in full through disbursements by the Trustee.

| Name of creditor | Current monthly installment payment | Amount of arrearage |
|---|---|---|
| Central Service Bureau, Inc. | Pro-Rata<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor | |

**5.3  Other separately classified nonpriority unsecured claims.** *Check one.*

☑ **None.**

**Part 6:** Executory Contracts and Unexpired Leases

**6.1  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☑ **None.**

**Part 7:** Vesting of Property of the Estate

**7.1  Property of the estate will vest in the Debtor upon completion of the plan.**

**Part 8:** Nonstandard Plan Provisions

**8.1  Check "None" or List Nonstandard Plan Provisions**

☑ **None.**

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form Plan or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.*

# Part 9:  Signature(s):

**9.1  Signatures of Debtor and Debtor's Attorney**

The Debtor and attorney for the Debtor, if any, must sign below.

| /s/ Timothy Irving Monica | /s/ Kathy Sue Monica |
|---|---|
| Signature of Debtor 1 | Signature of Debtor 2 |
| Executed on  05/05/2022<br>MM/DD/YYYY | Executed on  05/05/2022<br>MM/DD/YYYY |
| /s/ Ronald J Kim<br>Signature of Attorney for Debtor | Date  05/05/2022<br>MM/DD/YYYY |

**By filing this document, the Debtor, if not represented by an attorney, or the attorney for Debtor certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the Local Form Plan, other than any nonstandard provisions included in Part 8.**